# LEE LITIGATION GROUP, PLLC
148 WEST 24TH STREET, EIGHTH FLOOR
NEW YORK, NY 10011
TEL: 212-465-1180
FAX: 212-465-1181
INFO@LEELITIGATION.COM

WRITER'S DIRECT:
(212) 465-1188
cklee@leelitigation.com
February 5, 2025

Defendant shall respond by **February 11, 2025**. So Ordered.

**Via ECF**:
The Honorable Lorna G. Schofield, U.S.M.J.
United States District Court, S.D.N.Y.
40 Foley Square
New York, NY 10007

Dated: February 6, 2025
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Re:   *Charles v. HSBC Bank USA, N.A.*
       Case No. 1:24-cv-03992

Dear Judge Schofield:

We are counsel to Plaintiffs. We write to inform the Court of a discovery dispute and to request (i) an informal conference under Local Civil Rule 37.2 and Your Honor's Individual Rules and (ii) a 45-day extension of this matter's fact discovery schedule.  Plaintiffs and Defendant have met and conferred regarding their discovery disputes. While some issues have been resolved, the below disputes require judicial intervention.

A. Document Discovery as to the Collective Class
B. Contact Information as to the Collective Class
C. Creation of a Hit-Report as to E-Discovery
D. Documents from a Recently Settled Class Case in New York
E. Discovery Disputes as to Plaintiffs' Employment Documents/Information
F. Extension of Fact Discovery

Below please find Plaintiffs' position as to each of the above enumerated categories of discovery in this matter.

**I.   CLASS DOCUMENT DISCOVERY**

*a. Defendant's Documents Provide Strong Evidence of a Violation*

Yesterday, February 4, 2025, after months of requests to Defendant as to the scope of the potential class in this matter, Defendant revealed that this matter's putative class contained approximately 17 putative class members.

As the potential collective and class in this matter contain so few individuals, Plaintiffs are requesting the following documents as to each of these 17 putative class/collective members: (i) paystubs and punch records and (ii) email timestamped meta data.

*b. Paystubs and Punch Records*

Pursuant to 29 C.F.R. § 516.7 paystubs and time records are the type of documents that must be maintained and produced to a U.S.D.O.L. Administrator within 72 hours following a request.  The rules themselves recognize the importance of these records and the ease with which they may be produced.  Further, Defendant maintains these records electronically, making retrieval and production a simple and economical endeavor.

In addition to the above basic wage records, Plaintiffs seek the data necessary to demonstrate that employees were working off-the-clock and through lunch. To that end, Plaintiffs seek email metadata, and timestamps of employee submissions for a sampling of class members.

While Plaintiffs' typical document review can be costly, Plaintiffs tailored their demand to avoid such costs. For example, with regard to email information, Plaintiffs seek an excel spreadsheet containing only the following information for each sampled employee: (i) time each email was sent/received, (ii) sender/recipient of each message, (iii) subject line of the message.

In this manner, the parties will be able to avoid actual review of each email's contents. Instead, the parties will be engaged in a review of the timing of each message to determine if they were sent before or after each employee's clock-in/out.

The information sought is highly relevant. Evidence that employees engage in after-hours correspondence and submissions will be strong evidence of off-the-clock work. Further, by limiting the class evidence sought to the mere existence of the messages, rather than the messages themselves, Plaintiffs tailor their request to avoid any burden of review.

### d. Legal Standard

Plaintiffs note that Courts in the Second Circuit have repeatedly held that plaintiffs are entitled to pre-certification discovery of documents regarding potential class members. *See Benavides v. Serenity Spa NY Inc.*, 166 F. Supp. 3d 474, 492 (S.D.N.Y. May 19, 2016) ("[P]roduction of wage-and-hour documents, tip records . . . [for all non-exempt employees in the six years prior to the complaint] would likely support findings of commonality, typicality, numerosity, that the class is identifiable and ascertainable, and that common questions predominate over any individual issues as required by Rule 23."). In *Salazar v. Spectrum of Creations, Inc.*, No. 16 Civ. 653, Dkt. No. 52 (VSB) (S.D.N.Y. Sept. 9, 2016), the court held:

> "Whatever the merits of their claim, Plaintiffs have repeatedly stated throughout this action that they intend to seek Rule 23 class certification, and the Second Circuit has noted both that '[i]n deciding a motion for class certification under Rule 23, the district judge must receive enough evidence . . . that each Rule 23 requirement has been met."

*See also Rahman v. Smith & Wollensky Rest. Grp., Inc.*, 2007 U.S. Dist. LEXIS 37642, at *9 (S.D.N.Y. 2007) ("Pre-certification discovery is often necessary in order to provide the court with sufficient information to determine whether certification is appropriate."); *Sirota v. Solitron Devices, Inc.*, 673 F.2d 566, 571 (2d Cir. 1982) ("[T]here can be no doubt that it is proper for a district court, prior to certification of a class, to allow discovery and to conduct hearings to determine whether the prerequisites of Rule 23 are satisfied."); *Calabrese v. CSC Holdings, Inc.*, No. 2007 U.S. Dist. LEXIS 16059, at *20 (E.D.N.Y. 2007).

### II. CLASS CONTACT INFORMATION

Plaintiffs have also requested contact information, i.e., name address, email, mobile number of all prospective class members. This is appropriate because each of these individuals is a prospective witness. As seen by the below case law, the production of such information has been deemed to be proper in many cases in this circuit.

> "[T]here is an abundance of case law from the Southern District of New York, over the last nine years, which has 'routinely allow[ed] plaintiffs to discover identifying information regarding potential class members . . . .'" *Strauch v. Comput. Scis. Corp.*, No. 3:14 Civ. 956, 2015 U.S. Dist. LEXIS 516, at *10 (D. Conn. Jan. 6, 2015) (collecting cases). In *Fei v. WestLB AG*, the court granted the plaintiff's motion to compel with respect to the names, positions, job titles, dates of employment, social security numbers, addresses, and telephone numbers of employees, holding:

> > "[C]onditional certification is not a prerequisite to the turnover of information concerning the identity of potential class members . . . ." (collecting cases). "Indeed, the information that [plaintiff] seeks obviously will be of considerable help to [plaintiff] in his efforts to define the class . . . ."

> 2008 U.S. Dist. LEXIS 33310, at *5-6 (S.D.N.Y. Apr. 23, 2008).

> "[E]ven where a plaintiff's motion to certify an FLSA collective action fails to assert facts sufficient to meet the § 216(b) threshold, courts in this district have often ordered the disclosure of contact information for potential opt-in plaintiffs so that discovery into the collective allegations could continue and plaintiffs could renew their motion for certification at a later date." *Kwan v. Sahara Dreams Co. II*, 2020 U.S. Dist. LEXIS 79899, *20-21 (S.D.N.Y. 2020).

### III.    E-DISCOVERY

Under the Sedona Conference Protocols, upon a party's receipt of e-discovery requests, the producing party is to generate a search term report adhering to the requesting party's search terms and custodians. Such a "hit report" is necessary to allow parties and the Court to properly analyze the scope of the requested discovery. *See* THE SEDONA CONFERENCE, *Commentary on Defense of Process: Principles and Guidelines for Developing and Implementing a Sound E-Discovery Process*, at 26–27 (September 2016) (emphasizing the importance of "validation of search results" via "hit reports," and iterative "term selections" in the context of refining search terms for e-discovery). The Sedona Conference Protocols envision an iterative e-discovery process starting with proposed terms and moving to a review of a hit-report for a more fulsome evaluation of overbreadth of individual terms.

Rather than follow this typical practice, outlined by the Sedona Conference, Defendant are now objecting to providing any e-discovery in this matter at all.

### IV.    DOCUMENTS FROM A RECENTLY SETTLED CLASS CASE IN NEW YORK

On or around September 9, 2024, Defendant settled a case on a class-wide basis for employees working in Plaintiffs' position in New York State. As part of reaching a resolution as to this class case, Defendant exchanged discovery with class counsel for that matter. Plaintiffs have sought the discovery documents exchanged in that case as highly relevant to this matter's litigation.

Defendant objected to identifying any other settled cases in their interrogatories and its document response cleverly dodges the question by stating the following: "Subject to and without waiving the foregoing objections, Defendant avers that it has not settled any Fair Labor Standards Act or any State wage and hour actions brought by Plaintiffs." *See* **Exhibit A** (Defendant's Document and Interrogatory Responses) at 16.

Plaintiffs originally learned of this related case through the class counsel of the related matter and without that knowledge may never have heard of this highly relevant case.

### V. REQUESTS FOR DISCOVERY AS TO THE INDIVIDUAL PLAINTIFFS

In addition to the above discovery, Plaintiffs require additional discovery as to their own employment. *See* **Exhibit A** (Defendant's Document and Interrogatory Responses).

1. Doc. Request #4 (Plaintiffs Emails): Plaintiffs seek their own email correspondence in Defendant's possession, which will be particularly probative in demonstrating work being conducted while clocked-out.

2. Doc Request #7 (Data Tracking/Showing Work After Hours Work): Plaintiffs seek information on after hours events, which Plaintiffs and/or Covered Employees attended. While Defendant previously informed this office they would check as to the existence of these documents and revert. Defendant's new position is that they will not be producing this information.

3. Interrogatory 6: The parties have a dispute regarding whether Plaintiffs are entitled to receive information as to prior wage and hour complaints and actions made by the putative class. For the avoidance of doubt, Plaintiffs expressly limits this request to complaints made in the relevant statutory periods.

4. Interrogatory 8: The parties have a dispute regarding whether Plaintiffs are entitled to receive contact information as to the employees with whom they directly worked, and who Plaintiffs contend are witnesses. Given the settlement in the related action for NY class members, this request is a pure witness identification request.

5. Interrogatory 11-12: The parties have a dispute regarding whether Plaintiffs are entitled to know who materially participated in preparing document and interrogatory responses.

### VI. EXTENSION OF THE FACT DISCOVERY DEADLINE

Plaintiffs and Defendant have been going back and forth over the past month-and-a-half attempting to negotiate resolution of this matter and another matter involving the same counsel the same Defendant, but different Plaintiffs. *See Ni v. HSBC Bank USA, N.A.*, Case No. 1:23-cv-00309 (S.D.N.Y. 2023). During this negotiation period, Plaintiffs continuously sought from Defendant the putative class size, which is necessary for the parties to accurately assess burden concerns with respect to the class discovery sought in this letter-motion. Further, to avoid unnecessary litigation practice the parties put off discovery such as depositions.

Despite no depositions occurring, not for the Plaintiffs and not for the Defendant, Defendant has insisted that they will only agree to a fact discovery extension if Plaintiffs agree to limit this action to Plaintiffs individual claims. Further, Defendant only provided this matter's putative class size on February 4, 2025. Significant discovery remains outstanding.

Defendant's refusal to consent to an extension is particularly problematic as Defendant just provided crucial class information yesterday, and only provided on January 29, 2025, additional document discovery as to individual Plaintiffs as well as an amended initial disclosure, identifying new witnesses to this matter.

Considerable discovery in this matter remains outstanding and Plaintiffs requests a 45-day extension of the fact discovery schedule of this matter to complete this discovery.

*   *   *   *   *   *   *   *   *   *   *   *   *

We thank the Court for its consideration of the above.

Respectfully submitted,

*/s/ C.K. Lee*
C.K. Lee, Esq.