| | |
|---|---|
| WRITER'S DIRECT: | 212-465-1188 |
| | cklee@leelitigation.com |

May 19, 2025

VIA ECF
The Honorable Lorna G. Schofield, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    *Charles v. HSBC Bank USA, N.A.*
             Case No. 1:24-cv-03992

Dear Judge Schofield:

      We are counsel to Plaintiffs and write, on consent of counsel to Defendant, to respectfully request that the Court approve the parties' settlement agreement pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), and dismiss the above-captioned action with prejudice. Attached hereto as **Exhibit A**, please find the parties' Settlement Agreement and Release (the "Settlement Agreement").

      The court in *Wolinsky* sets forth the following criteria for determining whether a proposed settlement is fair and reasonable:

> In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc.,* 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotations and citations omitted). "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (*internal citations omitted*).

      Following a private mediation with Eric Paltell, Esq., a highly experienced mediator, on March 11, 2025 the parties reached a settlement in principle for $25,000, which provides well over 100% recovery on Plaintiffs' backwages under the Fair Labor Standards Act ("FLSA"), plus recovery of Plaintiffs' counsel's legal fees. Based on the above criteria, the settlement is fair and reasonable and should be approved by the Court.

**Plaintiffs' Range of Possible Recovery**

The settlement reached by the parties provides for full, over 100% recovery of alleged backwages for Plaintiffs alleged to be owed under the FLSA.  Plaintiffs could not possibly recover more in FLSA damages if they were to go forward to trial and in fact, could run the risk of recovering less if continuing to litigate this matter. Pursuant to the Settlement Agreement, Defendant has agreed to pay $7,500 to Plaintiff Anna Carbone-Scaglione ("Plaintiff Carbone-Scaglione") and $7,500 to Plaintiff Jose Haces ("Plaintiff Haces"), plus $10,000 to Plaintiffs' counsel's which includes both expenses incurred ($1,488.33) and legal fees ($8,511.67). For settlement purposes, Plaintiffs Anna Carbone-Scaglione and Jose Haces engaged in the wage calculation below:

(i) This calculation assumed three (3) hours of off-the-clock work per week.  This assumption of three (3) hours of off-the-clock work per week was made regardless of days off, vacations, sick days, weeks with holidays, or period of employment – Plaintiffs experienced less off-the-clock work during the periods before and after COVID. Presuming three (3) hours of off-the-clock work per week, each Plaintiff's calculated unpaid wages equaled $5,098.50 in FLSA unpaid wages, below the $7,500 each individual Plaintiff is receiving under the proposed settlement.

It is important to note that Defendant has denied Plaintiffs' claims from the outset of the case, maintaining all along (and still today) that it properly paid Plaintiffs for all hours and for all overtime hours as required by the FLSA.  Consequently, Defendant still claims that Plaintiffs are not entitled to any recovery whatsoever, and is confident that it would prevail at trial.

As Plaintiffs are receiving all of their back wages under FLSA this settlement should be approved as fair.

**The Settlement Will Enable the Parties to Avoid Anticipated Burdens and Expenses and the Parties Face Serious Litigation Risks**

Plaintiffs wish to avoid the risk of further litigating their claims. There is an inherent risk in going to trial of being unable to establish any liability. A trial on the merits would involve significant risks because of the fact-intensive nature of proving liability under the FLSA, particularly in an off-the-clock claim as asserted here. Defendant strongly contends that Plaintiffs were compensated for all hours worked; however, Defendant faced anticipated burdens and litigation expenses in establishing its respective defenses. Thus, Plaintiffs believe the amount of $25,000 is a fair result, obtaining a full recovery of their alleged FLSA back wages based on Plaintiffs' asserted theories of liability while eliminating the risks of trial. Further litigation would be highly risky to Plaintiffs as they would face the possibility of receiving a smaller amount than what is allocated to them in the settlement, or possibly no amount at all. An off-the-clock claim is rarely proven on the records, and would require significant supporting witness testimony. Defendant, on the other hand, believes the settlement to be fair and reasonable because it will enable the parties to avoid further anticipated burdens and expenses, including attorney's fees, which would be significant if the case were to go to trial.

**The Settlement Is a Result of Arm's-Length Negotiation and There Is No Possibility of Fraud of Collusion**

The proposed settlement is fair and reasonable because Plaintiffs and Defendant were represented by competent and experienced wage and hour counsel during the litigation and settlement process, including a private mediation before highly experienced mediator Eric Paltell, Esq., which resulted in the settlement. During the litigation and settlement/mediation process, there was a voluntary exchange of relevant documents and an open sharing of facts and information. The parties negotiated vigorously and were able to reach an agreement that allows Plaintiffs to receive a full recovery for their alleged FLSA back wages based on Plaintiffs' asserted theories of liability and eliminating the burdens and costs of trial. The arm's length negotiations between knowledgeable counsel followed, including the above-described mediation, culminating in a negotiated resolution, which eliminated the inherit risks and costs of litigation.

**The Attorneys' Fees are Fair and Reasonable**

Pursuant to the settlement, Plaintiffs' counsel is to receive reimbursement of costs and expenses in the amount of $1,488.33 (See **Exhibit B**, Costs Breakdown), plus attorneys' fees of $8,511.67, 34% of the total settlement after expenses. Plaintiffs' counsel represents that it has incurred a lodestar exceeding $50,000[1] litigating this case, the total of which is far exceeds the amount being paid to Plaintiffs' counsel under the Settlement Agreement.  In view of both the Plaintiffs' receiving over 100% of their FLSA backwages and the negative lodestar multiplier, the settlement, including the attorneys' fees and expenses, should be approved as fair.

Plaintiffs' counsel represents that it has invested significant time and resources into litigating this matter vigorously, including but not limited to, interviewing the Plaintiffs, investigating the identity of Defendant, preparing a Complaint, preparing damages calculations, preparing for and attending the mediation, correspondence, negotiating with Defendant's counsel, preparing and revising the settlement agreement, and preparing and revising this submission.

Plaintiffs agreed, upon retaining Plaintiffs' counsel, that their counsel may receive a percentage of the full settlement amount negotiated, or their lodestar.  In settling this matter for $25,000, Plaintiffs' counsel agreed to receive a highly reduced amount, amounting to less than ¼ of their lodestar, in order to resolve the matter.  It should be noted that there is no proportionality requirement with regards to attorneys' fees, and Courts have frequently awarded legal fees based on counsel's lodestar at trial, even in instances where the monetary recovery to plaintiff(s) was low, and where the lodestar dwarfed the amount that the jury awarded to the claimant (which is not the case here). *See Wong v. Hunda Glass Corp.*, No. 09-cv-4402 (S.D.N.Y. June 23, 2010) (awarding the undersigned $100,100.00 as attorneys' fees when judgment awarded to plaintiff was only $36,953.52); *See also Chen v. Jin Holdings, et al,* No. 10-cv-0414 (SDNY January 31, 2012) (Dkt no. 21) (awarding the undersigned $68,131.14, as attorneys' fees, when the judgment awarded to plaintiff was only $4,665.98, reasoning that "[s]ection 216(b) of the FLSA is designed

---

[1] Should the Court so require, Plaintiffs' counsel will submit time records in support.

3

in part to secure legal representation for those who have been injured, but for whom the monetary damages are too small to encourage a private attorney to take the case. In this particular case...plaintiff might well be without a remedy, if no 'reasonable fees' were permitted by statute.") *Id*. at 4.  See also *Fisher v. SD Protection, Inc., et al*., in which the Second Circuit held that a district court cannot and should not apply a proportionality standard or test when determining reasonableness of attorneys' fees contained in a proposed FLSA settlement agreement. 948 F.3d 593 (2d Cir. 2020).

While the Second Circuit's ruling in *Cheeks v. Freeport Pancake House, Inc.* did not outline the factors for approving a settlement, certain red-flag issues were identified such as confidentiality, general releases and attorneys' fees over 40%.  796 F.3d at 206. This agreement contains no such red flags. Therefore, based on the above, the $25,000 settlement not only falls within the range of reasonableness, but provides an excellent recovery for the Plaintiffs in light of the best possible recovery and risks of litigation, and therefore should be approved.

\*         \*         \*

As such, the parties respectfully request that the Court approve the settlement.  We thank Your Honor for considering this matter.

Respectfully submitted,

  /s/ C.K. Lee
C.K. Lee, Esq.

Encl.