UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DONALD CHARLES, et al., :
                Plaintiff, :
                 :
       -against- : 24 Civ. 3992 (LGS)
                 :
HSBC BANK USA, N.A., : ORDER
                Defendant. :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, on May 19, 2025, the parties filed a joint letter and executed settlement agreement (the "Settlement Agreement") in this Fair Labor Standards Act ("FLSA") action, seeking approval of the proposed settlement pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206-07 (2d Cir. 2015).

      WHEREAS, in the Second Circuit, "parties cannot privately settle FLSA claims with a stipulated dismissal with prejudice under Federal Rule of Civil Procedure 41 absent the approval of the district court or the Department of Labor." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 599 (2d Cir. 2020); *see also Cheeks*, 796 F.3d at 206-07; *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012) (outlining the factors that district courts have used to determine whether a proposed settlement is fair and reasonable).

      WHEREAS, the proposed settlement amount is $25,000, of which $15,000 will be paid directly to Plaintiffs and $10,000 will be paid to Plaintiffs' counsel for attorneys' fees and costs. Plaintiffs will each receive $7,500, exceeding their estimated maximum unpaid FLSA wages of $5,098.50. Plaintiffs' counsel will receive $1,488.33 in expenses and $8,511.67 in attorneys' fees, which is approximately 34% of the total settlement amount and less than counsel's reported lodestar of over $50,000.

      WHEREAS, Defendant denies liability and asserts that Plaintiffs were paid for all hours

worked. Continued litigation would pose significant costs and risks for both sides, particularly given the fact-intensive nature of off-the-clock claims. Plaintiffs' full recovery of back wages under the FLSA mitigates concerns regarding settlement adequacy. *See Wolinsky*, 900 F. Supp. 2d at 335-36 (identifying factors relevant to fairness of FLSA settlement); *see also Santos v. YMY Mgmt. Corp.*, No. 20 Civ. 1992, 2021 WL 431451, at *1 (S.D.N.Y. Feb. 8, 2021) (collecting cases approving early settlements where plaintiffs recover a substantial percentage of alleged wages).

WHEREAS, this settlement was reached after private mediation with an experienced mediator and reflects arm's-length negotiations between represented parties -- with no indication of fraud or collusion. *See Santos*, 2021 WL 431451, at *1. The release is appropriately limited to wage-and-hour claims. *Id*. at *2. The attorneys' fees requested are below the lodestar and represent less than 40% of the total award, avoiding the red flags identified in *Cheeks*, 796 F.3d at 206. It is hereby

**ORDERED** that the Settlement Agreement is **APPROVED** as fair and reasonable based on the nature and scope of Plaintiffs' claims and the risks and expenses involved in additional litigation. *Id*. at 206-07; *Fisher*, 948 F.3d at 600. It is further

**ORDERED** that this action is dismissed in its entirety and with no award of attorneys' fees or costs beyond the amounts provided for in the Settlement Agreement. The Court agrees to retain jurisdiction to enforce the terms of the Settlement Agreement. Any pending motions are **DISMISSED** as moot, and all conferences and deadlines are **CANCELED**.

Dated: May 22, 2025
  New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE